**Robert Charles ROBBINS, Petitioner,**

v.

**Marion C. BLAKEY, Administrator
Federal Aviation Administration,***
**Respondent.**

**No. 02–70682.
FAA No. EA–4962.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 13, 2003.**

Decided March 21, 2003.

---

\* Marion C. Blakey is substituted for his predecessor, Jane F. Garvey, as Administrator of the Federal Aviation Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM***

Robert Charles Robbins petitions for review of an opinion and order by the National Transportation Safety Board (NTSB) affirming an administrative law judge's (ALJ) decision and order revoking all of Robbins's federal airman certificates. We have jurisdiction pursuant to 49 U.S.C. §§ 1153(a) and 44709(f), and we deny Robbins's petition.

I

Robbins argues that the NTSB erred by affirming the ALJ's decision to take notice of Federal Aviation Regulations which establish that Robbins's admittedly fraudulent entry in an aircraft maintenance log was in a report that was "required to be made" in violation of 14 C.F.R. § 43.12(a)(1), rather than requiring the Administrator of the Federal Aviation Administration to prove this fact.

Robbins's argument is without merit because § 43.12(a)(1) prohibits "[a]ny fraudulent or intentionally false entry in any record or report that is required to be made, kept, or used to show compliance with any requirement under this part...." 14 C.F.R. § 43.12(a)(1). In addition, 14 C.F.R. § 43.11 requires that a person performing the type of annual inspection at issue here "shall make an entry in the maintenance record of that equipment" detailing the type of inspection performed and the date of that inspection. See 14 C.F.R. § 43.11(a)(1) and (a)(2). Thus, under the plain language of §§ 43.11

and 43.12 the false entry made by Robbins was required to be made in the aircraft's maintenance records to show compliance with federal aviation regulations. Accordingly, the Administrator did not need to enter the federal aviation regulations into evidence.

II

Robbins argues that the "good moral character" requirement for holders of an Airline Transport Pilot (ATP) certificate is unconstitutionally vague and violates due process because it did not provide Robbins with "fair and explicit notice" of the conduct that would violate the requirement. See 14 C.F.R. § 61.153(c). We decline to reach this issue as NTSB precedent supports the revocation of all of Robbins's airman certificates solely on the basis of his violation of § 43.12(a)(1). See Administrator v. Stanberry, 7 N.T.S.B. 934, at *1–3 (1991) (revoking airman certificates, including pilot and mechanic privileges, for participation in insurance fraud by altering aircraft's markings and symbols); Administrator v. Barron, 5 N.T.S.B. 256, at *1 (1985) (revoking both pilot and medical certificates of airman who had withheld three drunk driving convictions when filling out the FAA's medical application).

III

Robbins argues that the NTSB erred by affirming the ALJ's denial of his motion to continue the administrative hearing to allow the Administrator more time to produce the airplane and maintenance log at issue pursuant to Robbins's discovery request. Robbins cites no authority to support his argument that the NTSB acted arbitrarily and capriciously in

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

affirming the ALJ's decision, and there is no basis for so holding as the Administrator was not in control or possession of either the aircraft or the maintenance log.

Finally, Robbins argues that the Administrator could have produced the aircraft pursuant to authority under 49 U.S.C. § 44709(a). Because Robbins did not raise this argument before the NTSB, nor has he shown a reasonable ground for not doing so, we do not have jurisdiction to reach this issue. *See* 49 U.S.C. § 1153(b)(4); *Reid v. FAA*, 765 F.2d 1457, 1462 (9th Cir.1985) (declining to rule on questions of statutory interpretation where the petitioner did not show a reasonable ground for not asserting the issue before the NTSB).

PETITION DENIED.